■ In the Matter of TOWN OF BROOKHAVEN et al., Appellants, v NEW YORK STATE BOARD OF EQUALIZATION AND ASSESSMENT, Respondent. [637 NYS2d 735] —Spain, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered September

4, 1994 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for failure to state a cause of action.

This appeal involves RPTL 545 transition assessments with respect to the change in ownership of the Shoreham Nuclear Power Plant in Suffolk County. Related litigation concerning real property taxes and payments in lieu of taxes (hereinafter PILOTs) resulting from the transfer of the Shoreham plant from the Long Island Lighting Company (hereinafter LILCO) to the Long Island Power Authority (hereinafter LIPA) provides the history leading to the issue now before us (*see, Matter of County of Suffolk v New York State Bd. of Equalization & Assessment*, 207 AD2d 233, *lv denied* 86 NY2d 702; *Long Is. Power Auth. v Shoreham-Wading Riv. Cent. School Dist.*, 195 AD2d 140, *lv dismissed* 83 NY2d 1001, *lv granted* 86 NY2d 709). The specific issue presented on appeal is whether the PILOTs provided by Public Authorities Law § 1020-q were intended to supersede the transition assessments provided for by RPTL 545. Respondent, by Resolution 94-13 dated January 28, 1994, deferred to the reasoning expressed by the Second Department in *Long Is. Power Auth. v Shoreham-Wading Riv. Cent. School Dist. (supra)* and concluded that the provisions of RPTL 545 were not activated by the transfer of the Shoreham plant. Petitioners commenced this CPLR article 78 proceeding challenging that determination. Supreme Court, adopting the same reasoning used by respondent, dismissed the petition. Petitioners appeal.

In our view, respondent's determination was clearly rational. The Second Department concluded that the Legislature intended that the PILOTs provided by Public Authorities Law § 1020-q were "a complete substitution" for real property taxes and assessments otherwise due on the Shoreham plant property (*Long Is. Power Auth. v Shoreham-Wading Riv. Cent. School Dist., supra*, at 146). As Supreme Court aptly observed, the PILOTs decline in amount in recognition of the inoperative state of the Shoreham plant and the real property valuation appropriately attaching to the property because of that status. That situation, although undoubtedly influenced by State action, was preexisting at the time of the transfer to LIPA and was not the result of LIPA's tax-exempt ownership of the property (*see,* Public Authorities Law §§ 1020-a, 1020-q; *see also, Long Is. Power Auth. v Shoreham-Wading Riv. Cent. School Dist., supra*, at 143-144). The provisions for PILOTs in the Long Island Power Authority Act were designed to compensate the local municipalities for any loss of revenue based upon the re-

moval of the LILCO property from the tax rolls and not for future losses in revenue as a result of excessive assessments on the Shoreham plant (see, Public Authorities Law § 1020-q). Accordingly, we affirm Supreme Court's judgment.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.